# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                  No.     14-cr-3259 WJ  
                                                                                                                  16-cv-0564 WJ/SMV  
**NATALI ARVILLA CASTRO,**

    **Defendant.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant Natali Arvilla Castro's Amended Motion to Vacate, Set Aside, or Correct Sentence, filed July 5, 2016.[1]  [CR Doc. 41; CV Doc. 5].  The United States responded on January 27, 2017.  [CR Doc. 51; CV Doc. 12].  Castro did not file a reply.  The Honorable William P. Johnson, United States District Judge, referred this matter to me for analysis and a recommended disposition.  [CV Doc. 2].  Having considered the briefing, relevant portions of the underlying criminal record, and relevant authorities, and being otherwise fully advised in the premises, I recommend that the motion be denied and that case number 16-cv-0564 WJ/SMV be dismissed with prejudice.

---

[1] Castro initially filed a motion requesting permission to file a successive § 2255 motion in this case.  [CV Doc. 1].  She had not, however, previously filed a motion to vacate, set aside, or correct her sentence pursuant to § 2255.  Therefore, I entered an order notifying her of my intent to re-characterize her motion as a first § 2255 motion and granting her leave to amend or withdraw the motion.  [CV Doc. 3].  She then filed an amended motion, which is the subject of my findings and recommended disposition.  [CR Doc. 41; CV Doc. 5].

**Background**

On November 12, 2013, Castro and her boyfriend were stopped in a motel parking lot in Las Cruces, New Mexico, by agents with the Las Cruces Metro Narcotics Unit. Presentence Report ("PSR") at 3–4. A search of the suitcase in the trunk of their vehicle revealed more than 700 grams of methamphetamine. *Id.* at 4–5. They told the agents they were being paid to transport the methamphetamine from El Paso, Texas, and distribute it in Las Cruces. *Id.* Castro provided a statement to the agents. *Id.*; [Doc. 51-1]. She was then turned over to agents from the Department of Homeland Security, who transported her back to her residence in El Paso. [Doc. 51-2]. She provided a second statement and consented to a search of her home. *Id.* The report of the DHS agents noted that both Castro and her boyfriend were "cooperative" and "willing to assist in every possible manner." *Id.* at 2.

On February 20, 2014, Castro was charged by complaint with possession with intent to distribute 50 grams and more of methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and aiding and abetting, 18 U.S.C. § 2. [CR Doc. 1]. An arrest warrant was issued and she was arrested on May 5, 2014. [CR Doc. 2]. On September 23, 2014, Castro pleaded guilty to an Information charging her with conspiracy to possess with intent to distribute 5 grams and more of methamphetamine in violation of §§ 841(a)(1), 841(b)(1)(B), 846. [CR Docs. 21, 24]. On July 28, 2015, the date of her sentencing, a second Information was filed, charging her with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of §§ 841(a)(1), 841(b)(1)(C), 846. [CR Doc. 33]. She entered a second plea agreement based on the new charging document. [CR Doc. 35]. Both plea

agreements included waivers of the right to appeal the conviction and sentence, so long as the sentence did not exceed the statutory maximum. [CR Doc. 24] at 7; [CR Doc. 35] at 6. The waivers extended to collateral attacks on her conviction and sentence, except as to claims for ineffective assistance of counsel. *Id.* The Court sentenced Castro to 45 months' imprisonment. [CR Doc. 36]. Castro did not appeal her conviction or sentence. The instant case is her first motion under § 2255.

Castro, proceeding pro se, moves for relief pursuant to § 2255. She asserts one claim for relief, which she characterizes as "[i]ncomp[e]t[e]ncy." [Doc. 5][2] at 5. Specifically, she contends that she "was under the abuse of alcohol" and "was not on [her] right state of mind." *Id.* She states that she "do[es] not have any memory of the night of Feb[ruary] 17, 2014." *Id.* She notes that she does not have any "history of violence." *Id.*

In response, the government requests that Castro's motion be denied and her claim dismissed on three bases. First, it points out that Castro refers to events that took place on February 17, 2014. Her conviction in the present case, however, stems from events that took place on November 12, 2013. Therefore, her sole claim refers to a crime not at issue in this case. [Doc. 12] at 6. Second, the government argues that Castro waived her right to appeal or collaterally attack her conviction and sentence and requests that the Court enforce the waiver. *Id.* at 7–12. Finally, to the extent the Court construes Castro's claim as one of ineffective assistance of counsel, the government argues that she fails to make a showing that her representation was constitutionally deficient. *Id.* at 12–16.

---

[2] Unless specifically noted otherwise, citations to document numbers refer to the docket in the civil case, case number 16-cv-0564 WJ/SMV.

## Analysis

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under § 2255 must allege facts that, if proven, would warrant relief from the conviction or sentence. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995); *Rodriguez v. State of New Mexico*, 12 F.3d 175, 176 (10th Cir. 1993) (per curiam). Because Castro is proceeding pro se, I construe her filings liberally. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)*; Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Castro's claim is without merit, and her amended motion should be denied.[3] Castro seeks relief on the ground that she was intoxicated and "not on [her] right state of mind" at the time of the incident leading to her conviction. [Doc. 5] at 5. She does not specify any particular legal ground that would entitle her to relief under § 2255. Even if I were to construe her motion as alleging a cognizable violation, it would not matter. Castro's sole claim refers to a separate incident than that which led to her conviction in the present case.

Castro's criminal conviction in the present case stemmed from events that took place on November 12, 2013. *See* [CR Doc. 33] (charging document); [CR Doc. 35] at 4 (plea agreement); [CR Doc. 46] at 10 (transcript of plea hearing). But in her motion, Castro

---

[3] No evidentiary hearing is required in this case. *See Hatch*, 58 F.3d at 1471.

refers to an incident that took place on February 17, 2014. [Doc. 5] at 5. As the government points out in its response, Castro has a separate assault conviction in Texas state court from an incident that took place on February 17, 2014. PSR at 7. According to the PSR, Castro was arrested that day following a domestic disturbance during which she apparently became upset following an argument and scratched her boyfriend's face or neck. *Id.* The responding officers reported that Castro's father and boyfriend were restraining her until the police arrived. *Id.* She was convicted of assault causing bodily injury to a family member. *Id.*

If this were a mere transcription error, Castro had the opportunity to say so in a reply to the government's response, which pointed out the discrepancy. Castro filed no reply. Additional details in the record further suggest that Castro's amended motion refers to the events of February 17, 2014, leading to her assault conviction, and not the incidents of November 12, 2013, leading to the instant drug conviction. In her amended motion, Castro states that she "do[es] not have a history of violence" and suggests that she never "would have . . . done this" if she had not been intoxicated. [Doc. 5] at 5. She thus suggests that her intoxication led her to behave in a violent manner. The record contains no evidence that she displayed any degree of violence on November 12, 2013; on the contrary, agents described her as "cooperative" and "willing to assist" with their investigation. *See* [Doc. 51-2] at 2. Conversely, her assault charge from February 17, 2014, arose from a domestic disturbance in which she did display violent behavior. *See* PSR at 7.

The only ground for relief that Castro provides in her amended motion does not pertain to the incident that led to her conviction in the present case. Castro does not state any facts that, if

5

proven, would entitle her to relief. Therefore, I recommend that her motion be denied. I need not consider the validity of her appellate waiver or any ineffective-assistance-of-counsel or other cognizable claim.

**IT IS THEREFORE RECOMMENDED** that Defendant Natali Arvilla Castro's Amended Motion to Vacate, Set Aside, or Correct Sentence [CR Doc. 41; CV Doc. 5] be **DENIED** and that case number 16-cv-0564 WJ/SMV be **DISMISSED with prejudice**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_/s/_
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**